UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myria Petrou and Bradley Foerster,

    Plaintiffs,

v.                                     Case No. 17-11508

Christopher John Robert Laycock LLC
et al.,                               Sean F. Cox
                                          United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS (Doc. # 8)

Plaintiffs have filed suit in this Court against, among others, the City of Ann Arbor and two officers of the Ann Arbor Police Department, raising one § 1983 claim and several state-law claims. The rub? Plaintiffs dismissed the three City Defendants with prejudice in an identical state-court lawsuit involving the same claims and the same parties. Now the City Defendants have moved to dismiss, arguing that this federal-court action is barred by res judicata.

The City Defendants are correct. For the reasons below, the Court shall grant their Rule 12(b)(6) motion because, under Michigan law, the voluntary dismissal with prejudice of the state-court action must be given preclusive effect. The state-court judgment is an adjudication on the merits in a prior action between the same parties that addressed the same claims.

## BACKGROUND

In 2017, Defendant Maria Petrou contacted Defendant Bradley Rougeau, an Ann Arbor Police Detective, alleging that Plaintiffs–Maria's daughter Myria Petrou and Myria's husband Bradley Foerster–had embezzled funds from her. Complaint, ¶ 37. During his investigation,

1

Rougeau swore to and obtained search warrants for Plaintiffs' bank accounts, which effectively froze those accounts. *Id*. at ¶ 40, 44. In response, Plaintiffs filed a petition for superintending control in Washtenaw Circuit Court to lift the holds on their accounts. *Id*. at ¶ 47.

While their petition was pending, Plaintiffs filed simultaneous lawsuits in state court and in this Court against several defendants, including Detective Rougeau, Ann Arbor Police Sergeant Martin, and the City of Ann Arbor. Doc. # 1; Def. Ex. 2. The complaints allege six different state law tort claims and a single § 1983 claim. But for differing jurisdictional statements, the complaints are identical. Two months later, Plaintiffs stipulated to dismiss the City Defendants with prejudice from the state-court proceedings. Def. Ex. 3.

Having been dismissed with prejudice from the state case, the City Defendants have moved to dismiss the federal action under Rule 12(b)(6), arguing that it is barred by res judicata (Doc. # 8). After being ordered to show cause, Plaintiffs have responded (Doc. # 17). The Court shall decide the motion on the briefs, the issues having been adequately presented therein. E.D. Mich. LR 7.1(f)(2).

**STANDARD OF DECISION**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. *See Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016). The Court must construe the complaint in the light most favorable to Plaintiffs, accept its allegations as true, and determine whether it states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l. Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008). This includes taking judicial notice of other judicial proceedings. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

## ANALYSIS

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbot v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007), citing 28 U.S.C. § 1738. The relevant state-court proceedings here took place in Michigan, which "has taken a broad approach to res judicata[.]" *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004). In Michigan, res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*.

Because the federal and state actions at issue involve identical complaints raising the same claims against the same parties, the second and third res judicata elements are not reasonably in dispute. This leaves only the first element. And in Michigan, "a voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbach v. Oakland County Bd. of County Rd. Comm'r*, 573 N.W.2d 336, 340 (Mich. Ct. App. 1997). That is what happened here; Plaintiffs stipulated to dismiss the City Defendants with prejudice from the state-court action. Def. Ex. 3.

In response, Plaintiffs raise two objections to the application of res judicata, neither of which are persuasive. They first argue that res judicata does not apply when the two actions were

3

filed simultaneously because there is no "subsequent action." This is incorrect. When "actions proceed simultaneously, as here, the first judgment entered must be regarded as res judicata for issues in the remaining case." *Lesher v. Lavrich*, 784 F.2d 193, 196 (6th Cir. 1986); *Brownridge v. Mich. Mut. Ins. Co.* 321 N.W.2d 798, 801 (Mich. Ct. App. 1982) ("Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending . . .") (quotation omitted). Thus, even though Plaintiffs filed their actions simultaneously, the state-court judgment is the first judgment entered and it must be given preclusive effect.

Plaintiffs also claim that res judicata should not apply because their dismissal of the City Defendants with prejudice was a mistake; they actually intended to dismiss them without prejudice. How did that happen? Plaintiffs' counsel claims that he believed the stipulated dismissal was without prejudice and that when the City Defendants emailed him the stipulation he gave them permission to sign his name "without carefully reviewing the terms of the stipulation." Having done so, he now asks the Court to rectify his carelessness by setting aside the dismissal. There are a number of flaws in this argument.

First, this argument is, in effect, a collateral attack on the validity of the state court judgment. But Plaintiffs cite no authority to support their suggestion that the Court can entertain this challenge and provide the relief they seek. Indeed, their argument would seem to be more appropriately raised in state court, where they can seek relief from the judgment based on mistake. *See* Mich. Ct. Rules 2.612(C)(1)(a).

Second, Plaintiffs did not plead facts in the complaint to support their assertion that the

4

stipulated dismissal with prejudice was a mistake. Although they have attached an affidavit to this effect from an employee of their attorney, this document falls outside the ambit of materials that the Court may consider when ruling on a Rule 12(b)(6) motion. *See Bassett*, 528 F.3d at 430.

Finally, even if the Court were to entertain Plaintiff's argument on its merits, under Michigan law a unilateral mistake (which the alleged mistake here appears to be) does not justify setting aside or modifying a stipulation. *Limbach*, 573 N.W.2d at 339. Any mistake by Plaintiffs' counsel may not be "excused by [his] own carelessness or lack of due diligence." *Farm Bureau Mut. Ins. Co. of Mich. v. Buckallew*, 690 N.W.2d 93, 94 (Mich. 2004). Thus, Plaintiffs have provided the Court with no basis to set aside the state-court judgment.

In sum, the state-court judgment dismissing the City Defendants with prejudice from the state-court action must be given preclusive effect. It is a prior action decided on the merits, between the same parties, addressing the same claims. *Adair*, 680 N.W.2d at 396. Thus, Plaintiffs' federal-court action against the City Defendants is barred by res judicata and the Court shall grant their Motion to Dismiss.

## CONCLUSION

For the reasons above, IT IS ORDERED that the Motion to Dismiss filed by Defendants Rougeau, Martin, and the City of Ann Arbor is GRANTED.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: March 8, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy<br>
Case Manager